BARBARA A. MATTHEWS (SBN 195084)
Assistant U.S. Trustee
MATTHEW R. KRETZER (SBN 157949)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
1301 Clay Street, Suite 690N
Oakland, California 94612-5231
Telephone: (510) 637-3200
e-mail: matt.r.kretzer@usdoj.gov

Attorneys for SARA L. KISTLER,
Acting U.S. Trustee

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In Re: ) Case No. 09-48501 N
) Chapter 13
AVENELLE LAWRENCE ARCHILLE, )
) Date: July 1, 2010
Debtor. ) Time: 2:00 p.m.
) Place: Courtroom 215

**Declaration of Matthew R. Kretzer In Support of
Chapter 13 Trustee's Motion for Conversion of Case to Chapter 7**

I, Matthew R. Kretzer, declare:

1. I am a Trial Attorney in the office of the United States Trustee for Region 17, which includes the Northern District of California. Except for those matters that are based upon information and belief, I am knowledgeable of the facts stated below and could competently so testify if called as a witness.

2. Debtor filed her *Voluntary Petition* under Chapter 7 of title 11 on September 10, 2009. The *Schedules* indicated that Debtor owns residential real property in Louisiana. They also indicated that Debtor was paying mortgage and other expenses, but was receiving no income and had received no income from the property in 2009. Debtor's *Means Test* and *Schedules I and J*

Declaration of Matthew R. Kretzer 09-48501N

both indicated that she had negative disposable income. On October 21, 2009, at her meeting of creditors, the Debtor testified under oath that she had reviewed and signed the petition and other documents filed in the case and that they were true and accurate.

3. On December 22, 2009, the U.S. Trustee filed a motion to dismiss the case for abuse. That motion alleged that it was an abuse for Debtor to not pay her creditors while paying more than $2,000/month in mortgage and other expenses in order to keep property that she did not live in and that produced no income.

4. In answer to the U.S. Trustee's motion, Debtor converted the case to a case under Chapter 13 of the Bankruptcy Code. Debtor amended her *Schedule I* to indicate that she now was receiving $2,000/month income with respect to the Louisiana Property. On that basis, she proposed a chapter 13 plan.

5. The U.S. Trustee requested information concerning when the Louisiana property had been rented. Debtor responded that the property was vacant from June 2008 through December 2009 and first leased in January 2010. The U.S. Trustee received information from a third party that led her to believe the property was in fact rented during all of 2009.

6. The U.S. Trustee requests that this case be converted to chapter 7 rather than dismissed so that the chapter 7 trustee can investigate for assets and the U.S. Trustee can file a motion for denial of the Debtor's discharge if appropriate.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 16th day of June, 2010 in Oakland, California.

*Matthew R. Kretzer*
Matthew R. Kretzer